**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7063**

JAMIE NEIL CAPALBO,

        Petitioner - Appellant,

    v.

B. M. ANTONELLI,

        Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Timothy M. Cain, District Judge. (1:19-cv-01946-TMC)

Submitted: December 18, 2020               Decided: December 31, 2020

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jamie Neil Capalbo, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamie Neil Capalbo, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on Capalbo's 28 U.S.C. § 2241 petition in which Capalbo sought to challenge his sentence and one of his convictions by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction and sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). In addition,

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Capalbo v. Antonelli*, No. 1:19-cv-01946-TMC (D.S.C. June 29, 2020). We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*